# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-1139
Lower Tribunal No. F12-19634

_____

**Alphonso G. Lucas,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction—Mandamus.

Alphonso G. Lucas, in proper person.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for respondent.

Before MILLER, LOBREE, and BOKOR, JJ.

MILLER, J.

Petitioner, Alphonso G. Lucas, seeks a writ of mandamus compelling the chief judge of the Eleventh Judicial Circuit to reassign his case to a new judge, issue an order appointing conflict-free counsel to represent him, rule on his pending motion for postconviction relief consistent with our mandate in Lucas v. State, 393 So. 3d 859, 859 (Fla. 3d DCA 2024), and grant him further relief, as is proper, from his convictions for first-degree murder, armed burglary with assault, aggravated animal cruelty, and aggravated battery, due to a manifest injustice.

Since the filing of the petition, the assigned judge voluntarily recused herself, and the successor judge appointed conflict-free counsel, rendering the first two grounds moot. The essence of Lucas's remaining claims is that, following our reversal and remand of the summary denial of his postconviction relief motion, the trial court has yet to adjudicate his claims and any future disposition should be favorable.

We recognize that "[m]andamus lies to compel a trial court to rule on a ministerial matter after a reasonable period of time." Smith v. Lambdin, 971 So. 2d 209, 210 (Fla. 4th DCA 2007). But we are equally mindful that the passage of time, as it relates to the adjudication of any given case, must not be viewed in isolation. Instead, complexity and other individualized factors require careful consideration.

2

Here, we affirmed Lucas's convictions on direct appeal in 2021, but for a duplicative aggravated battery conviction that ran afoul of double jeopardy principles. See Lucas v. State, 335 So. 3d 1203 (Fla. 3d DCA 2021). Lucas has since filed a myriad of postconviction motions and petitions collaterally attacking the validity of his judgment and sentence, each of which has had to make its way through the courts. This motion appears to be the only one left unadjudicated.

We recognize that we issued our mandate instructing the trial court to conduct further proceedings over eighteen months ago. But the predecessor judge subsequently recused, conflict-free counsel had to be procured, and the trial court requested additional submissions. Given this confluence of factors, we find the petition is slightly premature. See Rodriguez v. State, 21 So. 3d 826 (Fla. 3d DCA 2009) (denying mandamus where last supplemental authority was delivered to the trial court less than sixty days ago). We therefore deny relief, but do so without prejudice to Lucas to file, if necessary, a new petition for writ of mandamus in this court after a reasonable time has elapsed.

Petition denied.